MARIANO TEOLIS vs. EUGENIO MOSCATELLI, et al.

JANUARY 5, 1923.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

(1)   Assault and Battery.   Consent to Fight, as Defence.

An agreement to engage in a fist fight, cannot be set up as a defence in a civil suit for damages for assault and battery although such consent may be shown in mitigation of damages.

(2)   Assault and Battery.   Damages.

In an action for assault and battery, damages of $240,—
Held, under the evidence not excessive.

TRESPASS for assault and battery.   Heard on exceptions of defendant and overruled.

RATHBUN, J.   This is an action of trespass for assault and battery.   The trial in the Superior Court resulted in a verdict for plaintiff for $750.   The case is before this court on the defendants' exceptions, as follows:   to the ruling of the trial justice refusing to direct a verdict for the defendants and to the ruling of said justice denying defendants' motion for a new trial.

The assault resulted from a dispute between the plaintiff and defendants relative to a division fence.   The plaintiff accepted the challenge of defendant Moscatelli to go into the highway and fight.   After proceeding to the highway plaintiff removed his coat and was immediately stabbed with a knife by defendant Moscatelli.   Plaintiff testified that defendant Neri held him and told Moscatelli to "give it to him."

The defendants contend that the plaintiff having agreed to fight consented to the assault and that such consent is a bar to recovery.   The plaintiff agreed to engage in a fist fight. He never consented to being assaulted with a knife or held by Neri while Moscatelli wielded the knife.   The defendants' contention that an agreement to fight is a bar to recovery for injuries received in the course of combat by one of the participants and inflicted by the other is also

untenable.   As an agreement to break the peace is void the maxim *volenti non fit injuria* does not apply.   See authorities cited in 5 Corpus Juris, page 630, where the rule is stated as follows:   "By the weight of authority consent will not avail as a defense in a case of mutual combat, as such fighting is unlawful;   and hence the acceptance of a challenge to fight, and voluntarily engaging in a fight by one party with another, because of the challenge, cannot be set up as a defense in a civil suit for damages for an assault and battery, although it seems that such consent may be shown in mitigation of damages."

We can not agree with the defendants' contention that the damages awarded are excessive.   The plaintiff lost $240 in wages and his doctor's bill was $75.   The plaintiff received nine cuts.   As the result of these wounds he endured pain and suffering.   At the time of the trial one of his thumbs had not recovered its normal flexibility and the motion of one arm was somewhat limited.

All of the defendants' exceptions are overruled and the case is remitted to the Superior Court with direction to enter judgment on the verdict.

*Charles R. Easton*, for plaintiff.
*Anthony V. Pettine*, for defendant.